UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
DAVID MELLOR and DENISE MELLOR,   *
                                  *
         Plaintiffs,              *
                                  *
   v.                             *     Civil Action No.  1:21-cv-10319-IT
                                  *
JETBLUE AIRWAYS CORPORATION,      *
                                  *
         Defendant.               *
```

MEMORANDUM & ORDER

August 8, 2022

TALWANI, D.J.

Defendant JetBlue Airways Corporation ("JetBlue") moves to compel Plaintiff Denise Mellor to respond further to Defendant's Interrogatory Nos. 11-14 and 17-25. Def.'s Mot. [Doc. No. 35].[1] For the reasons set forth herein, the Motion to Compel [Doc. No. 35] is DENIED.

The Interrogatories at issue seek "each and every basis for your denial or inability to admit or deny any matter" as to which Defendant had requested an admission. Def.'s Mem. 3 [Doc. No. 36] (quoting Interrog. No. 11 as to Req for Admis. ("RFA") No. 169[2]), 4 (quoting Interrog. No. 12 as to RFA No. 170[3]), 5 (quoting Interrog. No. 13 as to RFA No. 171[4]), 6

---

[1] The Motion also seeks to compel a further response to Interrogatories 16 and 26. In her opposition, Denise Mellor contends that on July 14, 2022, she served Supplemental Answers to these Interrogatories, thereby mooting Defendant's Motion with regard to these Interrogatories. Pl. Opp. 2 [Doc. No. 37]. Defendant has not sought leave to file a reply, and accordingly, the court treats the motion to compel as resolved as to Interrogatories 16 and 26.

[2] That RFA states: "The federal law regulation standard of care for JetBlue's inspection and maintenance of the aircraft overhead bins preempts any state tort-based standard of care." Def.'s Mem. 3 [Doc. No. 36] (quoting RFA No. 169).

[3] That RFA states: "JetBlue's compliance with its FAA-approved maintenance program E/C 252000-J1-6 periodic aircraft Check Overhead Stowage Compartments for condition and security fulfilled and discharged JetBlue's federal standard of care for the inspection and maintenance of the aircraft overhead bins." Id. at 5 (quoting RFA No.170).

[4] That RFA states: "Having complied with its FAA-approved maintenance program E/C 252000-J1-6 periodic aircraft cabin inspections, JetBlue breached no federal duty of care with respect to

(quoting Interrog. No. 14 as to RFA No. 172[5]), 7 (quoting Interrog. No. 17 as to RFA No. 225[6]), 8 (quoting Interrog. No. 18 as to RFA No. 226[7] and Interrog. No. 19 as to RFA No. 237[8]), 9 (quoting Interrog. No. 20 as to RFA No. 238[9] and Interrog. No. 21 as to RFA No. 243[10]), 10 (quoting Interrog. No. 22 as to RFA No. 244[11] and Interrog. No. 23 as to RFA No. 245[12]), 11 (quoting Interrog. No. 24 as to RFA No. 246[13]), 12 (quoting Interrog. No. 25 as to RFA No. 247[14]). Plaintiff objected on grounds of attorney-client privilege and work product, and without

---

the inspection and maintenance of the overhead bin above Mr. Mellor's seat." Id. (quoting RFA No. 171).

[5] That RFA states: "Having breached no federal duty of care with respect to the inspection and maintenance of the aircraft overhead bins, JetBlue is not liable to Plaintiffs for their alleged injuries and damages, even if at the time of the incident Mr. Mellor were injured by a fully detached overhead bin door as he alleges to have occurred." Id. (quoting RFA No.172).

[6] That RFA states: "The APT "Brief Description" topic description is not admissible as an exception to the rule against hearsay under Rule 803(6) of the Federal Rules of Evidence." Id. (quoting RFA No. 225).

[7] That RFA states: "The APT "Brief Description" topic description is inadmissible hearsay, hearsay within hearsay, or triple hearsay." Id. (quoting RFA No. 226).

[8] That RFA states: "The APT report information "the overhead bin [or door] seems to to [sic] have … fell on Mr. David Mellor" is not admissible as an exception to the rule against hearsay under Rule 803(6) of the Federal Rules of Evidence." Id. (quoting RFA No. 237).

[9] That RFA states: "The APT report information "the overhead bin [or door] seems to to [sic] have … fell on Mr. David Mellor" is inadmissible hearsay, hearsay within hearsay, or triple hearsay." Id. (quoting RFA No. 238).

[10] That RFA states: "The Mellor PNR data regarding the bin door is not admissible as an exception to the rule against hearsay under Rule 803(6) of the Federal Rules of Evidence." Id. (quoting RFA No. 243).

[11] That RFA states: "The Mellor PNR data regarding the bin door is inadmissible hearsay, hearsay within hearsay, or triple hearsay." Id. (quoting RFA No. 244).

[12] That RFA states: "Any claim or contention by Plaintiffs or their expert(s) that when the incident occurred, the bin rear hinge housing spline was missing, broken, or not in its hinge pressure-locking position, would be speculation." Id. (quoting RFA No. 245).

[13] That RFA states: "Any claim or contention by Plaintiffs or their expert(s) that when the incident occurred, the bin forward hinge housing spline was missing, broken, or not in its hinge pressure-locking position, would be speculation." Id. (quoting RFA No. 246).

[14] That RFA states: "Any claim or contention by Plaintiffs or their expert(s) that when the incident occurred, the 2 bin hinge housing splines were missing, broken, and/or not in their respective hinge pressure-locking position, would be speculation." Id. (quoting RFA No. 247).

waiving these objections, answered that Plaintiff lacked personal knowledge regarding the matters. Id. at 3, 5-13.

Defendant contends that it is entitled to an Interrogatory response as to the basis for Plaintiff's denial of these Requests for Admissions because "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Id. at 4 (quoting Fed. R. Civ. P. 33(a)(2)). But while "requests for opinions or contentions that call for the application of law to fact . . . can be . . . useful in narrowing and sharpening the issues, . . . [such] interrogatories may not extend to issues of "pure law," i.e., legal issues unrelated to the facts of the case." Fed R. Civ. P. 33(a)(2), Advisory Committee Notes to 1970 Amendment (internal citations omitted, emphasis added).

Plaintiff argues that the first four Interrogatories at issue seek "seek purely legal opinions regarding standard of care and breach of applicable federal law." Pls.' Opp'n 3 [Doc. No. 37]. The court agrees. Had Defendant asked Interrogatories seeking facts or application of law to fact, such as asking Plaintiff to identify the facts on which she based her opinion that federal law does not preempt her state cause of action, the interrogatory may have been "useful in narrowing and sharpening the issues" and likely would have been permissible. But here, where the Interrogatories are asking the "basis" of Plaintiff's legal opinions, without limiting the inquiry for the factual basis underlying that opinion, Defendant's questions are pure questions of law. Accordingly, responses to Interrogatories 11-14 will not be compelled.

Plaintiff argues that the next six Interrogatories at issue seek evidentiary rulings. Id. at 4. Again, the court agrees where, as framed, these questions present pure legal questions

concerning the admissibility of evidence. Accordingly, responses to Interrogatories 17-22 will not be compelled.[15]

Plaintiff argues finally that the last three Interrogatories improperly seek to exclude expert opinions, where expert discovery disclosures have not yet been made. Id. at 5. Under Rule 33, "the court may order that the interrogatory [that asks for an opinion or contention that relates to fact or the application of law to fact] need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). Here, where Plaintiff's expert disclosures are not due until August 26, 2022, the court finds these three Interrogatories premature. Accordingly, responses to Interrogatories 23-25 will not be compelled at this time.

For these reasons, Defendant's Motion to Compel [Doc. No. 35] is DENIED.

IT IS SO ORDERED.

August 8, 2022                                    /s/ Indira Talwani_____
                                                  United States District Judge

---

[15] Plaintiff is mistaken, however, in contending that the evidentiary issue may not be reached until trial. If Defendant brings a properly supported dispositive motion, and Plaintiff opposes the motion with the assertion that a fact is genuinely disputed, Plaintiff "must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," and Defendant may object to the material cited if that material "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c).