UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID MELLOR and DENISE MELLOR, <br>         Plaintiffs, <br><br> v. <br><br> JETBLUE AIRWAYS CORPORATION <br>         Defendant. | : CIVIL ACTION NO.1:21-cv-10319-IT <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : SEPTEMBER 7, 2023 |

### DEFENDANT JETBLUE AIRWAYS CORPORATION'S SUR-REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 7.1(b)(3), Fed. R. Civ. P. 56, and the Court's Standing Order Regarding Motion Practice, Defendant JetBlue Airways Corporation ("JetBlue") herewith respectfully submits JetBlue's Sur-Reply Memorandum in support of JetBlue's Motion for Summary Judgment (DE 41) in further response to the Court's comments and queries during the September 5, 2023 hearing on JetBlue's Motion for Summary Judgment.

With respect to JetBlue's overhead bin door hinge defect maintenance resolution(s), and periodic cabin condition check of all overhead bins for condition and security, the Court questioned if there is sufficient proof in the summary judgment record that the JetBlue aircraft maintenance mechanic(s) did in fact visually inspect and physically manipulate the overhead bin compartment retainer hinge red spline, including the position and security of the spline center tongue locking pin/knob (i.e., did the mechanic(s) push in the spline and hear "the click" as part of a bin hinge defect resolution, or pull on inserted bin locking splines to confirm center tongue pin/knobs were locked in place when inspected), or if in the normal course the mechanic(s) were expected to and would have done so.

JetBlue's undersigned counsel responded that there is a sufficient record that JetBlue's bin hinge defect maintenance resolution and condition check of bin hinge and spline condition and security

1

had in fact been accomplished in accordance with JetBlue's FAA-approved Operations Specifications, aircraft maintenance manuals, and the applicable federal aircraft maintenance standard of care. More specifically, JetBlue's undersigned counsel's position was that the Affidavit of JetBlue's FAA aircraft regulatory expert, Mr. Anthony Janco, established that JetBlue's aircraft bin hinge defect(s) maintenance resolution and condition inspection had in fact been accomplished in compliance with the applicable federal aircraft maintenance standard of care. In addition a declaration(s) by the JetBlue mechanic(s) and/or of JetBlue maintenance supervisory personnel could be provided but should not be necessary. JetBlue's undersigned counsel was not cavalierly making an offer of proof that such JetBlue declaration(s) could be obtained and submitted. Such JetBlue declaration(s) could be provided, and would be provided if required. However, JetBlue respectfully submits that such further record proof should not be necessary for JetBlue's motion for summary judgment.

The Court's analogy (perhaps tongue-in-cheek) to a store clerk's check mark and signature compliance with a store bathroom cleaning check list, when the bathroom is dirty and the store clerk may have falsely stated he or she cleaned the bathroom, with full respect for the Court, is not a proper or sufficient analogy to an aircraft mechanic's log book aircraft maintenance data entry and signature certification of federal regulatory aircraft maintenance check list compliance. The potential consequences to the store clerk are minor-to-none, in contrast to the potential dire consequences to an FAA-certificated aircraft mechanic, such that the Court should accept as true, as fact, with no issue of credibility, the aircraft mechanic(s)'s aircraft maintenance log data entry and signature certification of compliance with the federal standard of care with respect to the aircraft maintenance work performed.

Title 14 C.F.R. Part 43, § 43.12 "Maintenance records: Falsification, reproduction, or alteration." provides in relevant part:

(a) No person may make or cause to be made:
  (1) Any fraudulent or intentionally false entry in any record or report that is required to be made, kept, or used to show compliance with any requirement under this part;

2

> …; or
> (2) Any alteration, for fraudulent purpose, of any record or report under this part.

See also 18 U.S.C. § 1519 - Destruction, alteration, or falsification of records in Federal investigations and bankruptcy. The U.S. Department of Transportation, FAA National Policy Order 2150.C3, Change 10 (11/14/22) ("FAA Order 2150.C3"), concerns the FAA compliance and enforcement program, and provides in Chapter 8, § 36, at 8-53:

> **36. Criminal Violations Related to Enforcement Cases.**
>
> **a.  Evidence of Criminal Conduct.** An EIR [Enforcement Investigative Report] may contain evidence of criminal conduct that may also constitute a regulatory violation. For example, the intentional falsification of FAA-required records is both a federal criminal offense and a violation of FAA regulations.
> …
> When an EIR contains allegations supporting both criminal and legal enforcement action, FAA counsel promptly coordinates the matter for referral for possible criminal investigation with … (3) the Department of Transportation, Office of Inspector General (DOT OIG); and (4) the Department of Justice (DOJ) …

See https://www.faa.gov/documentLibrary/media/Order/FAA_Order_2150.3C_includingCHGS1-10.pdf. A financial fine sanction for an aircraft mechanic's regulatory violation can range from $50,000 up to $200,000. FAA Order 2150.C3 at 9-11, Figure 9-3. When the FAA deems legal enforcement action appropriate for a violation of FAA statutes and regulations, the FAA also can revoke or indefinitely suspend FAA aircraft mechanic privileges for making a fraudulent or intentionally false statement or alteration of an aircraft repair record.

> **Chapter 9. Legal Enforcement Action Sanction Policy** provides at 9-14:
>
> …
> **8. Determining Sanctions for Remedial Purposes.** Remedial legal enforcement action involves the revocation or indefinite suspension of FAA-issued certificates, ratings, approvals, authorizations, licenses, or permits (collectively referred to in this paragraph as certificates unless otherwise specified).
> …
> **a. Revocations.**
> …
>   (5) *Single Acts of Misconduct Generally Warranting Revocation.*
> …
> **Figure 9-5: Single Acts Generally Warranting Revocation**
>   **Intentional Falsification and Fraudulent Conduct**

      (1) Fraudulent or intentionally false statement
      (2) Fraudulent or intentionally false alteration or reproduction
   …

FAA Order 2150.C3 at 9-14. FAA Order 2150.C3 **Figure 9-9: Table of Violations. Figure 9-9-e.** provides at 9-26:

| **Fig. 9-9-e. Violations of Generally Applicable Maintenance and Documentation Requirements** | **Severity** |
|---|---|
| (1) Failure to perform or improper performance of maintenance including inspection – technical noncompliance | Severity 1 |
| (2) Failure to perform or improper performance of maintenance including inspection – potential effect on safety | Severity 2 |
| (3) Failure to perform or improper performance of maintenance including inspection – likely effect on safety | Severity 3 |

FAA Order 2150.C3 at 9-26. See Borregard v. National Transp. Safety Bd., 46 F.3d 944 (9th Cir. 1995) (FAA revocation of FAA aircraft mechanic certificate and inspection authority for altering aircraft maintenance logs for fraudulent purpose in violation of 14 C.F.R. § 43.12(a)(3)). A mechanic's falsification of aircraft maintenance records also can result in criminal indictment, penalties and imprisonment. See United States v. Walker, Criminal Case No. 18-00010, 2019 U.S. Dist. LEXIS 36937 (Feb. 6, 2019 D. Guam) (falsifying, concealing, or making materially fraudulent representations in aircraft maintenance records submitted to obtain aircraft Airworthiness Certificates); United States v. Brumit, No. 3:17-CR-00074 (M.D. Tenn. 2017) (forgery falsification of aircraft log to falsely certify aircraft annual inspections); (United States v. Stout, 629 Fed. Appx. 384, 386 (3rd Cir. 2015) (five years' imprisonment, three years' supervised release, $2,000 fine, over $500,000 in restitution, and $800 special assessment for scheme to evade aircraft inspection laws and fabricating records to conceal wrongdoing). See also news reports of: (1) July 1990 indictment of Eastern Airlines, Inc. and 10 employees on 60 criminal charges of falsifying aircraft maintenance records; https://www.upi.com/Archives/1990/07/25/Eastern-Air-10-employees-indicted/3734648878400/; and (2) February 2000 federal investigation of accusations that Alaska Airlines' mechanics falsified safety inspection records and allowed two airplanes to fly in unairworthy condition;

https://www.latimes.com/archives/la-xpm-2000-feb-06-mn-61711-story.html.

In contrast, a store clerk has no federal (or state) training, testing, or certification to clean a bathroom. A store clerk who may falsely check off and sign a bathroom cleaning check list is not subject to any administrative, civil, or criminal fines, penalties or imprisonment. At most the store clerk's employer may reprimand or issue the store clerk a warning. A store patron still could use the dirty bathroom to relieve him or herself, or clean a dirty bathroom toilet seat with water and soap or paper covering, and be at risk of minor momentary sensory or emotional distress. In sharp contrast, an aircraft mechanic certifies that the maintenance work he or she performs complies with stringent federal aviation safety standards for the return of aircraft to service as airworthy. The consequences of aircraft maintenance non-feasance or malfeasance is potentially severe civil or criminal penalties or imprisonment, and hundreds of airline passengers could be put at risk of loss of life or significant personal injury.

An aircraft mechanic's airworthiness certification for the work performed puts the aircraft mechanic at risk of loss of his or her property, loss of his or her FAA certification privileges to work, loss of his or her personal liberty by imprisonment, and the horror that even negligent aircraft maintenance could place airline crew and hundreds of passengers at substantial risk of loss of life or serious injury. The knowledge that an aircraft mechanic must demonstrate to obtain FAA aircraft mechanic certification privileges, the duty of care and safety that an aircraft mechanic takes on when performing aircraft maintenance, and the risk of severe administrative, civil and criminal penalties for falsification of aircraft maintenance data records and airworthiness certification of the maintenance work performed, should permit the Court to accept as true, as fact, with no issue of credibility, the aircraft mechanic(s)'s aircraft maintenance log data entry and signature certification of compliance with the federal standard of care with respect to the maintenance work performed. This especially should be the case when involving a relatively minor overhead bin hinge defect maintenance resolution, or inspection, that easily can be repaired, replaced, resolved or inspected for return to

service as airworthy, including the aural "click" or tactile pull confirmation that the bin spline center tongue locking pin knob is in the bin hinge locked position.

                                Respectfully submitted,

                                DEFENDANT
                                JETBLUE AIRWAYS CORPORATION

                                */s/ Steven E. Arnold*
                                Steven E. Arnold  BBO # 649213
                                SA Law, P.C.
                                8 Whittier Place, Suite 14F
                                Boston, Massachusetts 02114
                                Telephone: (617) 670-0868
                                Facsimile:   (508) 255-6185
                                Its Attorneys

## **CERTIFICATION**

      I certify that on September 17, 2023 a copy of the foregoing was electronically filed and served by regular mail, postage prepaid, and/or by e-mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail or email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                            /s/  Steven E. Arnold
                                               Steven E. Arnold