UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID MELLOR<br>and DENISE MELLOR,<br>    Plaintiffs<br><br>vs.<br><br>JETBLUE AIRWAYS CORPORATION,<br>    Defendant | CIVIL ACTION NO. 1:21-cv-10319 |

**OPPOSITION OF PLAINTIFFS TO MOTION OF DEFENDANT JETBLUE AIRWAYS CORPORATION TO BIFURCATE TRIAL OF LIABILITY AND DAMAGES**

Plaintiffs hereby submit their opposition to defendant JetBlue Airways Corporation's Motion to Bifurcate Trial of Liability and Damages.

## I. BACKGROUND

This negligence case arises from an incident on a JetBlue flight in which an overhead stowage bin door detached from its hinges and struck plaintiff David Mellor in the head, causing serious injuries. On September 29, 2023, the Court denied defendant's Motion for Summary Judgment, finding jury questions exist whether JetBlue was negligent in its maintenance and documentation of repairs of the incident bin door which had detached five times in the six months prior to the incident [Doc. No. 56]. The summary judgment record demonstrated that JetBlue failed to properly repair or replace an inexpensive plastic spline which repeatedly malfunctioned and led to plaintiff's injuries.

The parties expect the entire trial to take eight (8) trial days. Plaintiff expects to call one liability expert and two medical experts (an orthopedist and a neurologist). On October 15, 2023, well in advance of the November 16, 2023, deadline plaintiff's counsel sent these two experts' reports to defense counsel, and informed counsel that he anticipated requiring four (4) trial days to put in the entire liability and damages cases.

The Summary Judgment record demonstrated the strength of plaintiffs' liability case, given the repeated bin door detachments, the FAR-noncompliant maintenance logs which failed to describe the cause of the prior five detachments, and the irrefutable evidence that the bin door detached from both hinges and struck Mr. Mellor's head. The record also established that the bin door detached from both hinges and struck Mr. Mellor in the head [Doc. No. 56 at 1-2]. Defendant's memorandum makes several completely unsupported factual claims which should be disregarded by the Court.[1]

JetBlue now seeks separate trials with "different juries" on liability and damages [Doc. No. 67-1 at 4]. JetBlue states in its memorandum that it intends to call an expert in "biomedical mechanics" [Doc. 67-1 at 3] to dispute medical causation between the bin door incident and plaintiff's serious injuries. As will be shown, the medical causation dispute inextricably connects the liability and damages disputes in the case and makes separate trials impossible without significant duplication of evidence in both phases.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides, in relevant part: "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . ." The party requesting bifurcation has the burden of showing it is warranted. *Estate of Chapman v. Bernard's Inc.*, 167 F. Supp. 2d 406, 417 (D. Mass. 2001) (citing *Maldonado Cordero v. AT&T,* 190 F.R.D. 26, 29 (D.P.R. 1999)). Bifurcation is "not to be routinely ordered." *Id.* (citing Advisory Committee Note to the 1966 amendment of Rule 42(b)). "Bifurcation is ordinarily the exception and not the rule," *Hewlett-Packard Co. v. GenRad, Inc.*, 882 F. Supp. 1141, 1157 (D. Mass. 1995)**;** *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 795 F. Supp. 501, 503 (D. Mass. 1992).

---

[1]In violation of Local Rule 7.1(b)(1), defendant has not provided any affidavits or other documents to support its contention that "the bin door only detached from one (1) of its (2) bin compartment hinges, the bin door could not have, and did not, completely detach and fall, and that David Mellor was struck by an object that fell from the overhead bin compartment, not the bin door."

Bifurcation is a decision that is committed to the sound discretion of the court and is made by weighing the relevant efficiencies to be gained (or lost) through bifurcation, as well as considerations of fairness and prejudice to the parties. *Abbott Labs. v. Selfcare, Inc.*, No. 98-10674-GAO, 2000 U.S. Dist. LEXIS 15263, at *4 (D. Mass., Sept. 29, 2000). Bifurcation has been disfavored even in complex patent and copyright cases when "there is a distinct possibility that issues of damages will overlap." *Data Gen. Corp.*, 795 F. Supp. at 503 ("In the interest of fairness to the parties and judicial economy, the case should be tried as a whole to the same jury."), citing *Franchi Constr. Co. v. Combined Ins. Co.*, 580 F.2d 1, 7 (1st Cir. 1978); *Continental Cablevision, Inc. v. Storer Broadcasting Co.*, 653 F. Supp. 451, 464 (D. Mass. 1986).

The decision whether to bifurcate should be guided by consideration of several factors: "(1) whether a separation of the issues for trial will expedite disposition of the action; (2) whether such separation will conserve trial time and other judicial resources; (3) whether such separation will be likely to avoid prejudice to any party at trial that may occur in the absence of separation; and (4) whether the issues are essentially independent of each other so that there will be no need to duplicate the presentation of significant areas of the evidence in the separated proceedings." *Thorndike v. DaimlerChrysler Corp.*, 220 F.R.D. 6, 8 (D. Me. 2004); citing *McKellar v. Clark Equip. Co.*, 101 F.R.D. 93, 94 (D. Me. 1984). "The major consideration, of course, must be which procedure is likely to result in a just and expeditious final disposition of the litigation." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2388 (2d ed. 2003).

In personal injury cases, "the question of damages is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to a denial of a fair trial." *Payton v. Abbott Labs*, 780 F.2d 147, 154 (1st Cir. 1985). Many courts have observed that "separation of issues of liability from those relating to damages

while authorized, is to be ordered sparingly and in rare and exceptional cases…" (*Coburn v. American Liberty Ins. Co.*, 341 So. 2d 717, 719 (Ala. 1977); *Randolph v. Scott*, 338 A.2d 135 (Del. Super. 1975). *See also Gonzalez-Martin v. Equitable Life Assur. Soc.*, 845 F.2d 1140 (1st Cir. 1988).

### III. ARGUMENT

**A. JetBlue Has Not Met Its Burden of Showing That Bifurcation is Warranted**

JetBlue has the burden of showing bifurcation is warranted. *Chapman,* 167 F. Supp. 2d at 417. It claims, without support, that all the factors to be considered favor a separate bifurcated liability trial. It also contends, without explication, that the issues of damages and liability are essentially independent. Instead, JetBlue states, axiomatically, that if it wins a bifurcated liability trial, there would be no need for a damages trial, and thus resources would be saved. This is hardly a showing of cause for bifurcation.

Further, in support of its position, JetBlue makes uncorroborated factual statements which have already been rejected in the Court's Summary Judgment Order, and for which no affidavits, depositions, or documents have been provided. First, JetBlue says that if a jury were to find that the bin door could not or did not detach from both hinges and hit Mr. Mellor, there would be no need for a damages trial.[2] Next, it says that even if the door bin detached and hit Mr. Mellor, if the jury were to find that JetBlue complied with FAR standards of care in its maintenance practices, the case would be over and there would be no need for the damages trial.[3] Finally, it says that if the liability jury finds for plaintiffs, the trial could proceed to the damages phase without any prejudice to plaintiffs or duplication of any liability evidence. As will be shown, this claim is erroneous.

---

[2] The Court has already found: "After the bin door was unlatched, it detached and fell, striking David Mellor…" [Doc. No. 56 at 2].
[3] The Summary Judgment record demonstrates that the bin door had detached six times in the six months prior to the incident and that the JetBlue maintenance logs were FAR *non*-compliant. JetBlue has presented no evidence or support for its claim that its bin door maintenance was FAR compliant. The Court should disregard this unsubstantiated claim.

### i. Separate Liability and Damages Trials Would Require Duplication of Evidence

It is expected JetBlue will contest medical causation at trial. It states in its Memorandum that it intends to call an expert in "biomedical mechanics" [Doc. 67-1 at 3]. It is expected that such an expert will testify that the plaintiff's orthopedic, neurological, and psychological injuries *could not* have resulted from Mr. Mellor getting hit in the head by a "feather-like" bin door. JetBlue's counsel made this statement at the summary judgment oral argument and again during the October 18, 2023 scheduling conference. Counsel has also repeatedly stated to the Court his opinion that "twisting in his seat could not have caused Mr. Mellor's injuries."

If the trial were bifurcated, the jury in the liability trial would hear from the four percipient witnesses who observed the bin door hit Mr. Mellor in the head, and/or observed the immediate aftermath in which Mr. Mellor exhibited signs and symptoms of confusion, disorientation, inability to communicate and pain. All of this evidence would be relevant to the question of whether the door detached from both hinges and fell on Mr. Mellor. It would also refute JetBlue's claim that the other passenger's bag fell on Mr. Mellor.

At a separate damages-phase trial, the separate damages jury, which defendant seeks, would need to receive the same evidence, from the same witnesses, including Mr. Mellor who felt a blow to his head, saw stars, developed a headache and could not speak; Mrs. Mellor, who heard something hit her husband, then saw the bin door laying in the aisle; Leonard Ribok, who opened the bin door and saw it fall on Mr. Mellor's head, [Doc. 48-3, at 2-4]; and from Bonnie Smith, the JetBlue flight attendant, who wrote in her IIR Medical Event report:

> I heard a gasp and turned to see customer in 1D had opened the bin above 3D to remove his luggage and pulled overhead bin door off completely and apparently hit customer in 3D on the head. I turned around, grabbed bin door from customer 1D…I asked customer in 3d if he was ok,

he replied he didn't know. There was no visible mark or blood. I asked him what I could do for him, he stated I don't know.  I put the bin door back in the hinges. [Doc. No. 48-2].

This witness testimony would be critically important for a jury to consider during a bifurcated damages trial on the question of whether the blow from the door could have caused Mr. Mellor's injuries.  This duplication of evidence would be necessary on the question whether the blow from the overhead bin door could have caused Mr. Mellor's concussion, dislocation of his sternoclavicular joint and aggravation of his pre-existing post-traumatic stress disorder.  Since JetBlue has disclosed in its Memorandum that it may call up to five medical experts who are likely to dispute medical causation, percipient witness evidence on the mechanism of injury and the immediate effects on Mr. Mellor will be key to the jury's findings on causation and damages.

This duplication of evidence would be a monumental waste of time and of judicial resources. Liability and damages are interwoven in this case.  The attempt to separate liability and damages would be an injustice to plaintiffs.  Unless an issue to be tried is "so distinct and separable from the others that a trial of it alone may be had without injustice," the issues may not be tried separately. *Franchi*, 580 F.2d at 7, *citing Gasoline Products Co. v. Champlin Co.*, 283 U.S. 494, 500 (1931).  Where "there is a distinct possibility that issues of damages and liability will overlap [it is] in the interest of fairness to the parties and judicial economy, [that] the case should be tried as a whole to the same jury." *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 795 F. Supp. 501, 503 (D. Mass. 1992), *see also Franchi*, 580 F.2d at 7.

  ii.  **Bifurcation Would Waste Not Conserve Time and Judicial Resources**

It is expected by the parties that the full trial of this case would require eight (8) days.  Perhaps as much as two trial days would be devoted to jury selection, openings, closings, jury charge and deliberations. Separate trials with separate juries, which defendant seeks, would require duplication of

these time-consuming phases of the trial in an otherwise relatively brief full trial. As such, the efficiencies weigh heavily in favor of a single jury trial on all issues.

### iii. Bifurcation Would Prejudice Plaintiffs

Separate trials would be unjust to plaintiffs. In the setting of a complex, multi-party pharmaceutical patent dispute in which he denied a motion to bifurcate, Judge Saylor observed that "bifurcation can result in undue prejudice to the plaintiff . . . who, along with facing a substantial delay in final determination of the action, would be forced to present the same evidence in two separate trials." *Abbot Biotech. Ltd. v. Centocor Ortho Biotech.*, 55 F. Supp. 3d 221, 223 (D. Mass. 2014). The same logic applies in this case. Bifurcation of liability and damages is not only unwarranted and wasteful, but it would result in a delay of the disposition and prejudice to plaintiffs in an otherwise straight-forward personal injury case which can be fairly tried before a single jury and without prejudice to either side.

### iv. A Single Trial Would Not Prejudice Defendant

Defendant has presented no evidence that it would be prejudiced by a single jury trial. There is no risk of confusion or unfairness from having a single jury decide the entire case. The only possible consequence would be the additional routine defense and expert costs associated with defending the damages claims. These costs occur in every personal injury case. They are not only modest, but they deserve no consideration in the decision on this Motion to bifurcate.

## IV. Conclusion

Defendant has failed to demonstrate that bifurcation of the liability and damages trials would be just and appropriate; it has failed to demonstrate that the factors to be considered favor bifurcation in this case. Further, plaintiffs submit that the convincing evidence is that bifurcation would require duplication of evidence, delay disposition, waste judicial resources, increase trial costs and time, and prejudice plaintiffs.

Finally, plaintiffs respectfully suggest that the fact that JetBlue intends to call between five and seven causation and/or damages experts indicates that it intends to aggressively defend the case on causation and damages, even after a jury verdict for plaintiffs on liability. Therefore, the very remote possibility of some movement by JetBlue towards settlement should not factor into the Court's decision on this motion to bifurcate.

Accordingly, plaintiffs respectfully request that the Court deny defendant's motion for bifurcation.

> Respectfully submitted,
> Plaintiffs,
> By Their Attorneys,
> BREAKSTONE, WHITE & GLUCK, P.C.
>
> _____
> MARC BREAKSTONE, BBO # 547981
> Two Center Plaza, Suite 530
> Boston, MA  02108-1906
> 617-723-7676
> breakstone@bwglaw.com

Dated:  October 30, 2023

**Certificate of Service**

I, Marc L. Breakstone, of Breakstone, White & Gluck, P.C., certify that on October 11, 2023, a copy of the foregoing was electronically filed and served on all parties by filing with the Court's electronic filing system through which all parties may access this filing through the Court's CM/ECF System.

Dated: October 30, 2023

Marc L. Breakstone, Esq.