UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID MELLOR and | * | |
| DENISE MELLOR, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 1:21-cv-10319-IT |
| | * | |
| JETBLUE AIRWAYS CORPORATION, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

MEMORANDUM & ORDER

December 14, 2023

TALWANI, D.J.

Pending before the court is Defendant JetBlue Airways Corporation's ("JetBlue") Motion to Bifurcate Trial of Liability and Damages ("Motion") [Doc. No. 67]. For the following reasons, the motion is DENIED.

A. Background

In February 2018, Plaintiffs David Mellor and Denise Mellor were on a JetBlue flight when another passenger unlatched an overhead bin door. Plaintiffs allege that the bin door detached from the overhead bin and struck David Mellor. They claim that, as a result of the incident, David Mellor fractured his collarbone and required three reconstructive surgeries, sustained traumatic brain injuries, and that the incident exacerbated his pre-existing Post Traumatic Stress Disorder. Compl. [Doc. No. 1-1]. JetBlue denies that an overhead bin door dislodged and struck David Mellor and denies any negligence. Answer ¶¶ 4-9 [Doc. No. 9].

Following discovery, JetBlue moved for summary judgment on the basis that federal aviation safety regulatory standards of care preempt all state-law standards for aircraft maintenance, that JetBlue complied with applicable federal aviation maintenance safety regulatory standards of care for the aircraft overhead stowage compartment door at issue in this case, and that Plaintiffs cannot prove their negligent maintenance claim. Mot. for Summary Judgment [Doc. No. 41]. The court denied the motion, finding, in part, that the question of whether JetBlue was liable for the incident by failing to perform the proper maintenance procedures was a question of fact for the jury. Mem. & Order 20 [Doc. No. 56].

The case is set for trial commencing May 6, 2024. Plaintiffs' counsel states that he anticipates needing four days for Plaintiffs' combined liability and damages case. Opposition of Plaintiffs to Motion of Defendant JetBlue Airways Corporation to Bifurcate Trial of Liability and Damages ("Pls.' Opp'n) 1 [Doc. No. 69]. JetBlue states that it will require at least the same number of trial days, such that a combined trial would take four days for liability, and at least four days for damages. Defendant JetBlue Airways Corporation's Memorandum of Law in Support of Motion to Bifurcate Trial of Liability and Damages ("Def.'s Mem.") 3 [Doc. No. 68].

*B.  The Motion for Bifurcation*

JetBlue now moves to bifurcate the trial as to liability and damages. JetBlue contends that "the issues of liability and damages in this case are essentially independent of each other," so bifurcating the trial would not result in a duplication of the presentation of evidence. Id. at 5. JetBlue argues that if a jury were to find that the overhead bin door could not or did not detach, there would be no need to reach the question of damages. Id. It contends that bifurcation as to liability and damages therefore would potentially minimize the time and expense of trial. Id.

The Mellors counter that the issues of liability and damages are too intertwined to bifurcate the trial. Specifically, they allege that "the medical causation dispute inextricably connects the liability and damages disputes in the case and makes separate trials impossible without significant duplication of evidence in both phases." Pls.' Opp'n 2 [Doc. No. 69].

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues." It is the moving party's burden to demonstrate that separate trials are justified. Chapman ex rel. Estate of Chapman v. Bernard's Inc., 167 F. Supp. 2d 406, 417 (D. Mass. 2001). Bifurcation is a decision left to the court's discretion, see Gonzalez-Marin v. Equitable Life Assurance Soc'y of U.S., 845 F.2d 1140, 1145 (1st Cir. 1988), and is "dependent on the facts and circumstance of each case." Industrias Metálicas Marva, Inc. v. Lausell, 172 F.R.D. 1, 2 (D.P.R. 1997) (quoting Saxion v. Titan–C–Manufacturing, Inc., 86 F.3d 553, 556 (6th Cir. 1996)). Generally, bifurcation is disfavored in cases where "there is a distinct possibility that issues of damages and liability will overlap." Data General Corp. v. Grumman Sys. Supp. Corp., 795 F.Supp. 501, 503 (D. Mass. 1992).

The court finds that bifurcation is not warranted here where issues of damages and liability overlap. Defendant argues that "[i]f the jury were to find that the bin door could not, or did not, fully detach from both of its two bin compartment hinges, then that determination would be dispositive of the entire case[.]" Def.'s Mem. 5 [Doc. No. 68]. Plaintiffs respond that the court has already found that "'[a]fter the bin door was unlatched, it detached and fell, striking David Mellor . . . '" Pls.' Opp'n 4, n. 2 [Doc. No. 69] (quoting Mem. & Order 1 [Doc. No. 56]. The court has made no such finding of fact. Instead, the court followed the quoted language with a footnote explaining that while Defendant disputed that detachment occurred, "[t]his dispute is

not material to the issue presented in Defendant's summary judgment motion, and <u>for purposes of the motion</u>, the court accepts Plaintiffs' version of these events, namely, that the bin door separated entirely from the bin compartment." Mem. & Order 1 n.1 [Doc. No. 56] (emphasis added). But where Defendant did not move for summary judgment on this ground, the court also assumes for purposes of the bifurcation motion that a reasonable jury could find based on the evidence that the door detached and struck Mr. Mellor as Plaintiffs allege. And while Defendant now argues that Denise Mellor and a passenger's testimony as to whether the bin door detached is "self-serving" and not "credible," and that the flight attendant's deposition testimony should be credited over her incident report, <u>Def. JetBlue Airway's Reply Mem. in Supp. of Mot. to Bifurcate Trial of Liability and Damages</u> ("Def. Reply") 3-7 [Doc. No. 70-1], those are matters for the jury, not the court.

Defendant contends further that the only testimony relevant to both liability and damages is Mr. Mellor's. It asserts that "if the jury were to determine in a bifurcated liability trial that the bin door fully detached and struck Mr. Mellor, none of the claimed percipient witnesses to the incident would need to testify in a separate damages trial, except Mr. Mellor as to how the bin door allegedly struck him, the effects thereof to his body, and his alleged startle response to the incident that he claims had such force to dislocate his right sternoclavicular ("SC") joint (collarbone)." <u>Id.</u> at 3. However, the witnesses Plaintiffs have identified as having evidence that the door detached (Denise Mellor, the other passenger, and the flight attendant), <u>see</u> Pls. Opp'n 5-6 [Doc. No. 69], are also percipient witnesses to Mr. Mellor's reaction to being struck and his physical and mental state at the moment of, and following, the impact itself. All of these observations would be relevant to determining both liability and damages.

Accordingly, where there is evidentiary overlap between the liability and damages portions of the trial, the court finds that bifurcation is inappropriate and the Motion to Bifurcate [Doc. No. 67] is DENIED.

IT IS SO ORDERED

December 14, 2023                                    /s/Indira Talwani
                                                    United States District Judge