UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID MELLOR<br>and DENISE MELLOR,<br>   Plaintiffs,<br><br>  v.<br><br>JETBLUE AIRWAYS CORPORATION<br>   Defendant. | : CIVIL ACTION NO.1:21-cv-10319-IT<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: APRIL 2, 2024 |

DEFENDANT JETBLUE AIRWAYS CORPORATION'S
MOTION IN LIMINE RE: INADMISSIBLE HEARSAY

  Pursuant to the Court's Procedural Order Re: Pretrial/Trial; Doc. No. 65; Defendant JetBlue Airways Corporation ("JetBlue") herewith moves in limine to preclude Plaintiffs from asserting or proffering any purported evidence before the jury with respect to the inadmissible hearsay-within-hearsay contained in (1) Plaintiffs' Exhibit 2, the JetBlue Airport Customer/Station Incident ("APT") report attached as Exhibit A, (2) Plaintiffs' Exhibit 3, the JetBlue Passenger Name Record ("PNR") for Plaintiff David Mellor attached as Exhibit B, and (3) Plaintiffs' Exhibit 4, the Boston Emergency Medical Services ("EMS") report attached as Exhibit C (JetBlue redacted Exhibit 226).

  JetBlue respectfully submits that all three of Plaintiffs' exhibits include hearsay-within-hearsay statements that must be redacted because they do not independently qualify as an exception to the rule against hearsay. Furthermore, any probative value of the hearsay statements is substantially outweighed by the danger of unfair prejudice to JetBlue, and the potential that these hearsay statements will mislead and confuse the jury on critical issues of material fact in this case.

  I. Rule Against Hearsay and Unfair Prejudice

  "A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403". United States v. Abel, 469 U.S. 45, 54 (1984). Relevant evidence is generally admissible,

while "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Rule 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

Rule 802 sets forth the rule against hearsay evidence. Fed. R. Evid. 802. "'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 802 (c). Rule 803 sets forth "Exceptions to the Rule Against Hearsay", which include the business records exception:

> (6) *Records of a Regularly Conducted Activity*. A record of an act, event, condition, opinion, or diagnosis if:
>
>> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>> (C) making the record was a regular practice of that activity;
>> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803 (6). Rule 805 states "Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule."

The business records exception has many important requirements. The information in the record must come in a written form from someone who has first-hand knowledge of the event.

> Rule 602 provides that witnesses must have personal knowledge in order to testify. For hearsay statements, the declarant is a witness, and the hearsay exceptions in Rule 803 do not dispense with the requirement of personal knowledge. Thus, to be admissible under Rule 803(8), [the] report must generally be based on the observations and knowledge of the person who prepared the report. Statements by third persons that are recorded in an investigative report are hearsay within hearsay. As such, they are inadmissible unless they qualify for their own exclusion or exception from the hearsay rule … .

EMK, Inc. v. Fed. Pac. Elec. Co., 677 F. Supp. 2d 334, 337 (1st Cir. 2010) (quoting Weinstein's Federal Evidence § 803.10[4][a] (2d ed. 2009)). The person making the business record must be an employee of the business who made the record as part of his or her employment responsibilities. "That exception, however, does not extend to 'statement[s] to [a] business by a stranger to it.' United States v. Vigneau, 187 F.3d 70, 75 (1st Cir. 1999). Such 'outsider' information, where offered for its truth [is inadmissible] unless some other hearsay exception applies to the outsider's own statement.' Id. at 76". Bradley v. Sugarbaker, 891 F.3d 29, 35 (1st Cir. 2018) (brackets in original).

The business record also must be trustworthy. When applying the business records exception, it is important to redact hearsay-within-hearsay statements that do not qualify for their own exception to the rule against hearsay. "The difficulty is that despite its language, the business records exception does not embrace statements contained within a business record that were made by one who is *not* a part of the business if the embraced statements are offered for their truth", and "no such safeguards of regularity or business checks automatically assure the *truth* of a statement *to* the business by a stranger to [the business]". United States v. Vigneau, 187 F.3d 70, 75 (1st Cir. 1999) (emphasis in original). "We have previously stressed that whether the 'proffered evidence possesses 'circumstantial guarantees of trustworthiness' equivalent to those possessed by the other listed exceptions to the hearsay rule' is the most important part of this inquiry. United States v. Trenkler, 61 F.3d 45, 57-58 (1st Cir. 1995); accord 2 McCormick on Evidence § 324 (7th ed. 2016)." Bradley v. Sugarbaker, 891 F.3d at 34. "This gloss on the business records exception, which the Federal Rules elsewhere call the 'hearsay within hearsay' problem, Fed. R. Evid. 805, is well-settled in this circuit." United States v. Vigneau, 187 F.3d at 76.

In addition, "[t]he Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [or] misleading the jury". Fed. R. Evid. 403. "[A] qualified hearsay statement may be rejected … under Rule 403 if its probative value is substantially outweighed by the risk of unfair prejudice". EMK, Inc. v. Fed. Pac. Elec. Co., 677 F. Supp.

3

2d at 337 (quoting Weinstein's Federal Evidence § 803.03[1](2d ed. 2009)). In deciding whether to exclude relevant evidence on grounds of unfair prejudice, consideration can be given to the probable ineffectiveness or lack of effectiveness of a limiting instruction, and the availability of other means of proof by the party offering a business record that contains a hearsay-within-hearsay statement. See Fed. R. Evid. 105, Advisory Committee's Note.

      II.      Inadmissible Hearsay Must Be Redacted From Plaintiffs' Exhibits

Plaintiffs will offer the APT, PNR, and EMS exhibits to prove the truth of the hearsay-within-hearsay statements in the JetBlue and EMS business records. Plaintiffs' proposed APT and PNR exhibits contain hearsay-within-hearsay statements communicated by a JetBlue gate agent to the declarants who wrote these two JetBlue business records, which include hearsay statements made by Plaintiffs to the JetBlue gate agent. The EMS exhibit contains hearsay-within-hearsay statements made by Plaintiffs to EMS medical personnel. Plaintiffs will proffer these exhibits to prove the truth of these hearsay-within-hearsay statements to the effect that the subject overhead bin door completely detached from the bin compartment and struck David Mellor's head. These double-hearsay statements must be redacted from Plaintiffs' exhibits because they do not independently qualify as an exception to the rule against hearsay, and they lack trustworthiness.

      A.      APT, PNR, and EMS Inadmissible Hearsay

    1.    JetBlue APT Incident Report

The JetBlue APT incident report was written by JetBlue Boston Airport Operations ("AO") Lead Silvia Contreras. See Exhibit D, Contreras Depo. at 9-10. Ms. Contreras was not a percipient witness with first-hand knowledge, nor did she have any personal knowledge, of the alleged bin door event. See Exhibit E, Ps' RFA Resp. at 28, ¶ 212. JetBlue AO gate agent Glenny Desena, who met Plaintiffs when they deplaned from the aircraft, also was not a percipient witness with first-hand knowledge, nor did she have any personal knowledge, of the alleged bin door event. Id. at ¶ 210; Exhibit D, Contreras Depo. at 23, lines 4-10. Ms. Contreras testified that the information she obtained about the incident was

communicated to her by gate agent Desena who met the aircraft, and Ms. Desena communicated the information about the incident that she obtained from flight attendant Jhanelle Simpson Blake and from Plaintiffs. See Exhibit D, at 13, lines 22-23; at 23, lines 2-3, 19-21; Exhibit F, Smith Depo. at 69, lines 3-9. As such, Ms. Contreras' APT report contains information communicated to her by JetBlue gate agent Desena and flight attendant Blake who had no personal knowledge of the alleged event, and information from Plaintiffs' statements to gate agent Desena which she communicated to Ms. Contreras. See Exhibit G, David Mellor Ans. to Interrog. No. 7; Exhibit H, Denise Mellor Depo. at 36, lines 6-9.

Ms. Contreras' APT report has a "**Brief Description**    Overhead bin door fell on cu head". Exhibit A, Ps' Ex. 2. Significantly, Ms. Contreras' APT report "**Brief Description**" is not based on her personal observations and knowledge of the alleged event as required by Rule 803. Fed. R. Evid. 803 (6)(A); EMK, Inc. v. Fed. Pac. Elec. Co., 677 F. Supp. 2d at 337. Furthermore, Ms. Contreras' APT "**Brief Description**" is based on Plaintiffs' statements to gate agent Desena, which further contravenes the Rule 803(6) business records exception to the rule against hearsay. Id.

The limited factual information that Ms. Contreras included in her APT report was obtained from JetBlue gate agent Desena who met Plaintiffs when they deplaned from the aircraft, and information from flight attendant Bonnie Smith. See Exhibit D, Contreras Depo. at 13, lines 22-23. Ms. Contreras attempted but was not able to obtain any factual information from Plaintiffs about the incident. Id. at 11, lines 15-22; at 19, lines 9-16. Consequently, the JetBlue APT report does not contain any information by or from a person with personal knowledge of the subject incident, except for the limited information provided by Ms. Smith, and none of the information in Ms. Contreras' APT report is based on her personal observations and/or knowledge of the event.

Furthermore, and more importantly, Ms. Contreras' APT subject matter topic "**Brief Description**" is not a factual record of the alleged bin door event, because her "**Brief Description**" does not state any factual information about the incident Id. at 13, lines 17-19; at 19, lines 5-16 ("That's a description of the report. But in the report is what I put, is what I -- the facts that I get from speaking to,

5

again, the inflight and the customer, which I never got a chance to."). Ms. Contreras also understood that her APT report "**Brief Description**" was not to include, nor did she intend it to include, any factual information she obtained about the incident. Id. It was only in the "**Narrative | Event Facts/Concern Description**" section of Ms. Contreras' APT report that she documented information she obtained about the incident from gate agent Desena and Ms. Smith. Id. at 21, lines 10-11 ("the narrative is what I wrote down from actual speaking to them"); at 22, lines 8-10 ("What my actual [Narrative] report, from me talking to [Ms. Smith], it says that the overhead bin seemed to have dislodged.").

Plaintiff David Mellor told JetBlue gate agent Desena when they deplaned from the aircraft that an overhead bin door had completely detached and hit him in the head. See Exhibit G, David Mellor Ans. to Interrog. No. 7 ("I spoke with the JetBlue … gate agent … about getting hit in the head by the bin door which completely fell off its hinges"). Plaintiff Denise Mellor told gate agent Desena who met Plaintiffs when they deplaned from the aircraft that her "husband David had been hit on the head with an overhead bin door". See Exhibit H, Denise Mellor Depo. at 36, lines 6-9.

No person other than Plaintiffs told anyone that David Mellor had been hit by an overhead bin door that had completely detached from the bin compartment. The passenger who opened the overhead bin door did not speak with any JetBlue employee about the incident. See Exhibit I, Ribok Depo. at 24, lines 21-23; at 25, lines 1, 20-23; at 26, lines 1-5; at 29, lines 2-11; at 34, lines 9-23; at 35, lines 1, 12-22. Flight attendant Bonnie Smith never told any JetBlue employee that the bin door had completely detached and struck Mellor. See Exhibit F, Smith Depo. at 30, lines 6-13; at 48, line 21; at 50, line 1-17; at 83, lines 3-16; at 84, lines 9-10; at 85, lines 15-18; at 86, lines 11-19. Ms. Smith did not see what may have fallen from the overhead bin and hit David Mellor, and she does not know what happened. Id. at 48, lines 18, 21; at 70, lines 5-8. Ms. Smith is adamant that the overhead bin door had not been pulled off completely, that only one bin door hinge had become completely detached, and that she saw the second bin door hinge had remained attached to the bin compartment. Id. at 50, lines 1-17; at 58, lines 2-12; at 84, lines 9-10; at 85, lines 15-18.

      For these reasons and authorities, there can be no doubt that Ms. Contreras' JetBlue APT report "**Brief Description**   Overhead bin door fell on cu head" is hearsay-within-hearsay information given to Ms. Contreras by gate agent Desena who communicated this double-hearsay information from statements made by Plaintiffs to gate agent Desena when they deplaned from the aircraft. The Rule 803(6) business records exception to the rule against hearsay does not extend to statements made to a business by a person who is not an employee of the business, and such "outsider" information, where offered for its truth is inadmissible, unless some other hearsay exception applies to the outsider's own statement. <u>Bradley v. Sugarbaker</u>, 891 F.3d at 35; <u>United States v. Vigneau</u>, 187 F.3d at 75-76. Plaintiffs are not JetBlue employees, and the information communicated by their "outsider" statements to gate agent Desena, who communicated the information in Plaintiffs' statements to Ms. Contreras, is inadmissible and must be excluded. <u>Id.</u> There is no exception to the rule against hearsay that would allow this inadmissible JetBlue APT report hearsay-within-hearsay statement in evidence for the truth of the matter asserted in this double-hearsay statement.

      Because Plaintiffs are not JetBlue employees, and they have a self-serving and secondary-gain litigation interest in their attempt to prove their alleged overhead bin door complete-detachment event, the source of this JetBlue APT hearsay-within-hearsay statement from information stated by Plaintiffs to gate agent Desena is inherently untrustworthy. Circumstantial guarantees of trustworthiness is the most important part of the rule against hearsay analysis. <u>Bradley v. Sugarbaker</u>, 891 F.3d at 34. Furthermore, any probative value of this APT hearsay statement is substantially outweighed by the danger of unfair prejudice to JetBlue, which also would mislead and confuse the jury on critical issues of material fact in this case. Fed. R. Evid. 403; <u>EMK, Inc. v. Fed. Pac. Elec. Co.</u>, 677 F. Supp. 2d at 337. Any limiting instruction to the jury would be ineffective to cure the dangers and substantial prejudice to JetBlue if this APT report double-hearsay statement were allowed in evidence. Plaintiffs may offer other admissible means of proof of their alleged bin door detachment event, e.g. their own testimony.

This hearsay-within-hearsay APT report business record statement is inadmissible hearsay, it does not independently qualify for its own exception to the rule against hearsay, it is not trustworthy, and any probative value is substantially outweighed by its prejudicial effect on JetBlue and the jury. Therefore, for these many reasons and authorities, the JetBlue APT report hearsay-within-hearsay statement "**Brief Description**   Overhead bin door fell on cu head" must be redacted from Plaintiffs' Exhibit 2 JetBlue APT incident report. See Exhibit A.

2. JetBlue PNR for David Mellor

For these same reasons and authorities, the hearsay-within-hearsay statement in Plaintiffs' Exhibit 3 JetBlue PNR record for David Mellor must be redacted. The JetBlue PNR states "THE OVERHEAD BIN FELL ON CU MELLOR*S HEAD". See Exhibit B, Ps' Ex. 3. Again, there can be no doubt that this JetBlue PNR record statement is hearsay-within-hearsay information given to Ms. Contreras by gate agent Desena who communicated this double-hearsay information from statements made by Plaintiffs to gate agent Desena when they deplaned from the aircraft. Moreover, it is not even known who made this post-incident supplemental statement in the JetBlue PNR record for David Mellor. See Exhibit D, Contreras Depo. at 29, lines 8-9; at 30, lines 12-19. Ms. Contreras does not recall entering this statement into the PNR record, and she does not believe she did. See Exhibit D, Contreras Depo. at 29, lines 5-9.

This hearsay-within-hearsay PNR record statement is inadmissible hearsay, it does not independently qualify for its own exception to the rule against hearsay, it is not trustworthy, and any probative value is substantially outweighed by its prejudicial effect on JetBlue and the jury. Therefore, for these many reasons and authorities, supra, the JetBlue PNR record hearsay-within-hearsay statement "THE OVERHEAD BIN FELL ON CU MELLOR*S HEAD" must be redacted from Plaintiffs' Exhibit 3 JetBlue PNR record. See Exhibit B.

3. EMS Medical Record

For these same reasons and authorities, the hearsay-within-hearsay statement in Plaintiffs'

Exhibit 4 EMS medical record must be redacted. David Mellor told the EMS medics who examined him in the airport that an aircraft overhead bin door had completely detached from the bin compartment and hit him in the head. See Exhibit G, David Mellor Ans. to Interrog. No. 7 ("I spoke with … the Mass Port EMT's about getting hit in the head by the bin door which completely fell off its hinges"). Plaintiff Denise Mellor was present when David told the EMS medics that "he had been hit on the head by the bin door". Exhibit H, Denise Mellor Depo. at 36, lines 7-9.

The Boston EMS medical record states "DISPATCHED TO TERMINAL C, GATE C-21, FOR A MALE PASSENGER WHO WAS STRUCK ON THE HEAD BY AN OVERHEAD COMPARTMENT DOOR". See Exhibit C, Ps' Ex. 4. It is not clear from the EMS record if someone communicated to the EMS dispatcher that a male passenger had been struck on the head by an overhead compartment door, or if Boston EMS was requested to send EMS medics for a male passenger at airport Terminal C, Gate C-21, and the medic then included the additional statement that "A MALE PASSENGER WHO WAS STRUCK ON THE HEAD BY AN OVERHEAD COMPARTMENT DOOR" in the EMS record. Nonetheless, again, there can be no doubt that this EMS hearsay-within-hearsay information was obtained from statements only made by Plaintiffs to the EMS medics when they examined David Mellor in the airport.

This hearsay-within-hearsay EMS record statement is inadmissible hearsay, it does not independently qualify for its own exception to the rule against hearsay, it is not trustworthy, and any probative value is substantially outweighed by its prejudicial effect on JetBlue and the jury. Therefore, for these many reasons and authorities, supra, the EMS medical record hearsay-within-hearsay statement "WHO WAS STRUCK ON THE HEAD BY AN OVERHEAD COMPARTMENT DOOR" must be redacted from Plaintiffs' Exhibit 4 EMS record. See Exhibit C.

III.   Conclusion

For the foregoing reasons, record evidence, and legal authorities, JetBlue respectfully submits that the inadmissible hearsay-within-hearsay statements should be redacted from Plaintiffs' Exhibit 2

9

JetBlue APT report record, Plaintiffs' Exhibit 3 JetBlue PNR record, and Plaintiffs' Exhibit 4 Boston EMS medical record. The business records exception to the rule against hearsay does not embrace statements contained within these business records that are derived from statements made by Plaintiffs who are not JetBlue or EMS employees. In addition, the source of these business records hearsay-within-hearsay statements, Plaintiffs' statements, also establishes a lack of trustworthiness, which is the most important part of the Court's inquiry about these inadmissible hearsay-within-hearsay portions of these Plaintiffs' exhibits. Therefore, JetBlue respectfully requests that the Court grant JetBlue's Motion In Limine Re: Inadmissible Hearsay.

Respectfully submitted,

DEFENDANT
JETBLUE AIRWAYS CORPORATION

 /s/ Steven E. Arnold
Steven E. Arnold  BBO # 649213
SA Law, P.C.
8 Whittier Place, Suite 14F
Boston, Massachusetts 02114
Telephone: (617) 670-0868
Facsimile:   (508) 255-6185
Its Attorneys

**CERTIFICATION**

I certify that on April 2, 2024 a copy of the foregoing was electronically filed and served by regular mail, postage prepaid, and/or by e-mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail or email to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

 /s/  Steven E. Arnold
Steven E. Arnold